**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kadrin Rajun Singleton, Appellant.

Appellate Case No. 2015-000306

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

Unpublished Opinion No. 2017-UP-283
Submitted May 1, 2017 – Filed July 12, 2017

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General J. Anthony Mabry, all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

**PER CURIAM:** Kadrin Rajun Singleton appeals his murder conviction and sentence, arguing the circuit court erred (1) in refusing to give his requested jury

charge and (2) granting the State's motion pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986). We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred in refusing to give Singleton's requested jury charge: *State v. Rye*, 375 S.C. 119, 123, 651 S.E.2d 321, 323 (2007) ("A [circuit] court's decision regarding jury charges will not be reversed where the charges, as a whole, properly charged the law to be applied."); *State v. Brandt*, 393 S.C. 526, 549, 713 S.E.2d 591, 603 (2011) ("The substance of the law is what must be charged to the jury, not any particular verbiage."); *State v. Harris*, 382 S.C. 107, 115, 674 S.E.2d 532, 536 (Ct. App. 2009) ("The simple fact that the [circuit] court refused to use the '[gets] the drop on him' language does not render the charge improper.").

2. As to whether the circuit court erred in granting the State's *Batson* motion: *Batson*, 476 U.S. at 86 ("Purposeful racial discrimination in selection of the venire violates a defendant's right to equal protection."); *State v. Taylor*, 399 S.C. 51, 57, 731 S.E.2d 596, 599 (Ct. App. 2012) ("Whether a *Batson* violation has occurred must be determined by examining the totality of the facts and circumstances in the record."); *State v. Garris*, 394 S.C. 336, 353, 714 S.E.2d 888, 897 (Ct. App. 2011) ("The [circuit] court's findings regarding purposeful discrimination are given great deference and will not be set aside by this court unless clearly erroneous.").

**AFFIRMED.**

**WILLIAMS and KONDUROS, JJ., and LEE, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.